William M. Fischbach (SBN 019769)
**TB TIFFANY & BOSCO**
SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
 (602) 255-6000
FACSIMILE:  (602) 255-0103
EMAIL:  wmf@tblaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vutha Austin,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RM Interiors & Design, Inc.,<br><br>　　　　　Defendant. | Case No. CV_____<br><br>**COMPLAINT**<br><br>• Title VII (Discrimination and Retaliation)<br>• Equal Pay Act |

## PARTIES, JURISDICTION, AND VENUE

1. This is an action seeking money damages and equitable relief for sexual discrimination, gender discrimination, religion, and retaliation in the workplace brought by Vutha Austin ("Ms. Austin" or "Plaintiff") against RM Interiors & Design, Inc. ("RMI" or "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (as amended), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (as amended).

2. This Court has jurisdiction over this action under 28 U.S.C. §§1331, 1343(4), and 42 U.S.C. §2000e.

3. Venue is proper in this District under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

4. Defendant RM Interiors & Design, Inc., is a corporation doing business in Arizona.

5. Ms. Austin is a resident of Maricopa County, Arizona.

6. Ms. Austin is an Asian/Cambodian female.

7. Ms. Austin was employed by Defendant at all times material to this Complaint. Ms. Austin was the Director of Purchasing and Inventory Management.

8. During the course of Ms. Austin's employment with Defendant, she was subjected to a work environment permeated by gender discrimination, pay discrimination due to gender, retaliation, and religious discrimination by management and her fellow employees.

9. Specifically, a male individual Jake Larson was hired with no previous industry experience as a Director of West Coast branch operations and paid a salary that was substantially more than Ms. Austin who was in a similar Director position with more experience.

10. Jake Larson is Mormon and received preferential treatment from the owner of Defendant, who is also a Mormon.

11. Ms. Austin is not Mormon and was discriminated against, in part, because of her not being Mormon.

12. Jake Larson, despite not having any experience in his role, was paid $40,000 more a year than Ms. Austin on the basis that he is male and Mormon.

13. Ms. Austin was accused by Defendant employees Jake Larson, Jacob Packer, and Matt Pearson of spreading false rumors against male co-workers and she reported those male co-workers to Human Resources for violating company policy and willfully choosing not to follow company standard operating procedures.

14. On or about February 14, 2022, Jake Larson reached out to Ms. Austin's staff member, Tyrell (male), and asked him to take over inventory management for the Denver warehouse.

15. Tyrell told Jake Larson that he cannot leave his assignment and that Jake should reach out to the purchasing manager to Denver (Stacey, who is also a female).

16. Jake stated that he did not wish to work with Stacey as he was more comfortable speaking to Tyrell, a male.

17. Ms. Austin reported Jake Larson to human resources for continuing to undermine her position and authority as Director of Purchasing and Inventory Management by not recognizing her as the head of her department because she is a female.

18. On or about February 21, 2022, a member of Jake's staff in Denver sent an email asking Jake to decide which member of Ms. Austin's team would be taking over inventory management for Denver warehouse.

19. Ms. Austin forwarded the email to Human Resources and asked that everyone be held to the same company standards and company procedures of working with the appropriate people in charge.

20. The circumstances led Ms. Austin to feel discriminated as Jake refused to follow her team assignment.

21. A subsequent meeting was set with Human Resources for February 25, 2022, but was cancelled by Ms. Austin at the direction of her direct supervisor, Rick Jones.

22. Rick Jones took Ms. Austin into a private meeting to discuss Ms. Austin's email to Human Resources and he directly asked to cancel the meeting with Human Resources and talk to Jake directly.

23. On or about March 10, 2022, a member of Jake's staff sent an email to Ms. Austin that was not professional and was disrespectful.

24. Ms. Austin spoke to Jake about the email and Jake said there was no reason to address the email with his staff member.

25. Ms. Austin spoke with Jake's direct supervisor "JJ" and Rick Jones about the email from Jake's staff and they agreed with Jake that Jake did not need to address the email with the staff member.

26. Ms. Austin specifically asked why Jake was held to a different standard when Ms. Austin had to give verbal warnings to two of her staff members for similar toned emails at the request of Mark Wagner, the owner of Defendant company.

27. Ms. Austin was told that the staff member has a strong personality and asked that Ms. Austin not take offense and allow Jake to handle his team as he sees fit, which was disparate treatment for how Ms. Austin was treated with her staff by Defendant.

28. Ms. Austin reported the March 10, 2022 incident with Human Resources and a meeting was subsequently scheduled for March 18, 2022.

29. On March 17, 2022, Rick Jones took Ms. Austin into his office to discuss the Human Resources Complaints Ms. Austin had raised.

30. Rick Jones was upset because he thought he and Ms. Austin agreed to not involve Human Resources with these discussions.

31. Ms. Austin reported to Rick Jones that she will not be cancelling her meeting with Human Resources set for March 18, 2022 and that she was tired of these issues coming up and that she needed to document the disparage treatment she had been receiving.

32. On March 18, 2022, Ms. Austin met with Human Resources and Jake.

33. After the meeting on March 18, 2022, Ms. Austin was asked to stay and have a meeting with Rick Jones and Rick Wagner, one of the owners of Defendant entity.

34. During that meeting, Ms. Austin was terminated because, she was told, she failed to live up to the company's value of integrity and teamwork.

35. Ms. Austin has been bypassed for promotions due to her gender and religion. Other male employees, who were Mormon, have been promoted who have had less experience than Ms. Austin but were of the same religion of those individuals in upper management making the decisions on promotions.

36. Ms. Austin gave Defendant direct, actual notice of the hostile working environment described above.

37. Ms. Austin did not consent to the discrimination described above and such conduct was unwelcome.

38. Notwithstanding Defendant's actual and constructive notice of the discrimination described above, Defendant failed to reasonably investigate and take

appropriate remedial actions to correct the discrimination. Instead, Defendant requested that Ms. Austin withdraw her complaints filed with Human Resources.

39. After Ms. Austin had her meeting with Human Resources, she was asked to meet with the owner(s) at which time she was terminated.

40. Rather than taking measures to correct the hostile working environment in the workplace, Defendant's supervisory agents ultimately terminated Ms. Austin in retaliation for her complaints.

41. Defendant's discriminatory treatment of Ms. Austin had a substantial detrimental impact on her job performance and on her mental and physical health.

42. Based on the foregoing misconduct of Defendant, Ms. Austin filed a timely Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC") on August 9, 2022. See attached Exhibit A.

43. Ms. Austin has satisfied all of the requirements for initiating this action by exhausting her administrative remedies with the EEOC and by filing this Complaint within ninety-days of her receipt of a Right to Sue Letter by the EEOC.

44. Pursuant to Rule 38(b) of Federal Rules of Civil Procedure, Ms. Austin hereby exercises her right to demand a trial by jury.

## COUNT ONE

## DISCRIMINATION AND RETALIATION BASED ON TITLE VII

45. Ms. Austin hereby alleges each and every allegation set forth in Paragraphs 1-43 as if fully set forth herein.

46. Plaintiff was an employee pursuant to 42 U.S.C. § 2000e(f), and Defendant is an employer within the meaning of 41 U.S.C. § 2000e(b).

47. Defendant has discriminated against Ms. Austin on the basis of her religion (not being Morman) and gender (female), in violation of Title VII (42 U.S.C. § 2000e-2(a)(1).

48. As a result of the foregoing, Defendant is liable to Plaintiff for violation of 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 2000e-2(a)(2), 42 U.S.C. § 2000e-3(a) or at the very least, 2000e-2(m).

49. Defendant's acts of discrimination in this regard were unlawful and intentional, and were committed with malice or with a reckless disregard for Ms. Austin's federally protected rights.

50. Ms. Austin was retaliated against Ms. Austin by terminating her employment for opposing Defendant's hostile work environment and for questioning Defendant's practices of why male co-workers in a similar position were being treated differently from Ms. Austin.

51. By virtue of the foregoing violations of Title VII of the Civil Rights Act of 1964, as amended, Ms. Austin has been damaged and has suffered economic loss and is entitled to damages pursuant to 42 U.S.C. § 1981a.

52. By virtue of the foregoing, Ms. Austin has also suffered emotional distress and mental anguish for which she is entitled to be compensated pursuant to 42 U.S.C. § 1981a and their attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT TWO
## EQUAL PAY ACT
## (29 U.S.C. 206(d))

51. Ms. Austin hereby alleges each and every allegation set forth in Paragraphs 1-43 as if fully set forth herein.

52. By virtue of the foregoing, Ms. Austin was aid substantially less than her male co-workers who performed the same job, without valid business reason for doing so.

## PRAYER FOR RELIEF

Plaintiff requests judgment against Defendant as follows:

A. For general and compensatory damages for Ms. Austin's personal pain and suffering, embarrassment, mental anguish, both past and future; general damages for harm to reputation, humiliation, and emotional distress.

B. An award of front pay, back pay and such other compensatory damages as may be recoverable including, but not limited to, damages recoverable under 42 U.S.C.§§ 1981a, 1983 and 1988(b).

C.  For reinstatement at her option to her former duties with Defendant, or substantially equivalent position, as if Ms. Austin had remained employed non-stop.

D.  Taxable costs, attorney's fees as permitted by 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and, if 2000e-2(m) is applicable, under 2000e-5(g)(2)(B);

E.  Applicable interest on Ms. Austin's damages and

A.  For such other relief as is appropriate.

RESPECTFULLY SUBMITTED this 24th day of May, 2023.

**TB TIFFANY & BOSCO**
P.A.

By: */s/ William M. Fischbach*
William M. Fischbach
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
***Attorneys for Plaintiff***